NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDRE DAVIS,

        Petitioner,           Civil No. 06-3165 (NLH)

        v.

WARDEN CHARLES E. SAMUELS,           O P I N I O N

        Respondent.

APPEARANCES:

    Andre Davis, Petitioner pro se
    57545-066
    FCI Fort Dix West (5852)
    P.O. Box 7000
    Fort Dix, New Jersey 08640

HILLMAN, District Judge

Petitioner Andre Davis, a federal prisoner currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The named respondent is Warden Charles E. Samuels, Jr. For the reasons stated herein, the

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Petition will be dismissed without prejudice for failure to exhaust administrative remedies.

## BACKGROUND

Petitioner is currently incarcerated pursuant to a sentence imposed by the United States District Court, Eastern District of Pennsylvania on December 11, 2003. Petitioner states that he was convicted of illegal re-entry, under 8 U.S.C. § 1326(b)(2); however, the underlying order of deportation/removal has been rescinded, and there is no basis for his conviction and detention. (Petition, ¶ 10). Petitioner then states: "My administrative remedies in connection with my order of deportation have just been granted, which should result in the conviction and sentence in this case to be immediately vacated." (Petition, ¶ 13).

Petitioner's attachment to his petition states that he was convicted of drug offenses in 1990, and ordered deported, in absentia, to Jamaica in 1994. He returned to the United States without permission and was convicted for re-entry. Petitioner cites to the re-entry statute and states that he cannot challenge the validity of his underlying deportation order in his criminal re-entry case until he exhausts his administrative remedies with regard to his deportation order.[2] As such, Petitioner is

---

[2] Petitioner refers to the re-entry statute, 8 U.S.C. § 1326(d), which states:

2

attempting to exhaust his administrative remedies, and on June 12, 2006, his motion to reopen his deportation proceeding was granted. Petitioner includes with his petition the order granting the motion to reopen, which notes: "Record demonstrates that respondent did not receive notice." Petitioner anticipates that his re-entry conviction will be vacated, and he will be released.

## ANALYSIS

It is plain from the face of the petition that Petitioner is in the process of exhausting his administrative remedies. The administrative process was not completed before Petitioner submitted this § 2241 habeas petition.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v.

---

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order . . . unless the alien demonstrates that-- (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Here, Petitioner, admittedly, is in the process of exhausting his administrative remedies. The proper immigration tribunal should be given the opportunity to first review

4

Petitioner's case and grant him relief if appropriate. It would be a waste of judicial resources, and would defeat the goal of judicial economy, for the Court to review this claim on a habeas petition without the benefit of a factual record and a decision on a matter of specialized expertise by the immigration service. The Court further finds that the futility exception to the exhaustion doctrine does not apply in Petitioner's case, as Petitioner can be granted the relief he seeks, *i.e.*, release, through the administrative process, without irreparable injury.

Therefore, because Petitioner is in the process of pursuing his administrative remedies to redress his claim, it is clear that he has not exhausted the administrative remedies available to him. Accordingly, Petitioner's petition, will be dismissed, without prejudice.

## CONCLUSION

For the reasons set forth above, the petition will be dismissed, without prejudice, for failure to exhaust administrative remedies. An appropriate order follows.

*Noel L. Hillman*
NOEL L. HILLMAN
United States District Judge

Dated: August 17, 2006